UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK GUSTAFSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14CV1497 SNLJ |
| | ) |
| SAP AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss count I of the first amended complaint. The motion has been fully briefed and the matter is ripe for disposition. For the following reasons, the Court will deny the motion.

**I.     Background**

Plaintiff Mark Gustafson, a former Senior Account Executive for SAP America, Inc., filed this cause of action pursuant to section 407.913 RSMo against defendant SAP America. Plaintiff alleges that defendant failed to pay him commissions earned in the course of generating sales on behalf of defendant. Defendant filed a motion to dismiss arguing it did not owe plaintiff commissions as that term is statutorily defined by section 407.911(1) RSMo. Subsequently, plaintiff filed a first amended complaint setting forth the claim for violation of section 407.913 RSMo as count I and adding a claim for breach of contract based on the same allegations as count II. Defendant filed a motion to dismiss count I of the first amended complaint again arguing that it does not owe plaintiff commissions as that term is statutorily defined by section 407.011(1) RSMo.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F .3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the

complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005)).

When reviewing a Rule 12(b)(6) motion, if documents outside the pleadings are presented and not excluded, the motion must be treated as a motion for summary judgment. Fed.R.Civ.Pro. 12(d). However, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Gorgo v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (citation omitted). Documents that are necessarily embraced by the pleadings are not matters outside the pleadings for purposes of Rule 12(d). *Id.*

## III. Discussion

Plaintiff seeks recovery of unpaid commissions and statutory penalties under section 407.913 RSMo which provides:

> Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative . . . an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. In addition the court may award reasonable attorney's fees and costs to the prevailing party.

The statute applies if plaintiff was paid based on "commission" as defined in section 407.911(1) RSMo. Section 407.911(1) RSMo defines commission as "compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the dollar amount of orders or sales, or as a specified amount per order or per sale." Based on the plain language of the statute, there are two

3

compensation schemes that qualify as commission in Missouri including compensation expressed as (1) a percentage of the dollar amount of orders or sales, or (2) a specified amount per order or per sale. *Schwab v. National Dealers Warranty, Inc.*, 298 S.W.3d 87, 90 (Mo.App. E.D. 2009).

In the first amended complaint, plaintiff alleges that his employment included sales commissions "pursuant to a specified formula" but fails to allege what the formula contains. This allegation is insufficient to fall within either of the compensation schemes of the statutory definition of commission. Standing alone, plaintiff's first amended complaint fails to plead a compensation scheme that qualifies as a commission under section 407.911(1) RSMo. The parties, however, do not address this issue. Instead, the parties have submitted the Sales Incentive Plan that is the basis for plaintiff's claim on the issue of whether the commissions paid under the plan fall within the statutory definition for purposes of the motion to dismiss.

Because the parties have briefed the sufficiency of plaintiff's claim based on the plan and that document is necessarily embraced by the pleadings, the Court will consider the plan in making its determination. In the plan, commission rate is defined as "[p]ercentage applied to net commissionable revenue to determine the corresponding commission payment." It is, therefore, indisputable that commissions are expressed as a percentage of a dollar amount (the net commissionable revenue).

The disputed issue is whether commissions are based on a dollar amount of orders or sales. The plan contains a detailed formula to determine the amount of commissions owed. However, plaintiff alleges that the commission is still based on a percentage of

4

sales. Under the plan, the "net commissionable revenue" appears to be an adjusted sales price used to determine commission. The statute does not preclude the use of a formula to determine what sales consists of for purposes of commissions. The statute does not define sales as gross sales or net sales. Based on the plan, plaintiff states a claim under sections 407.911 and 407.013 RSMo that is plausible on its face. The Court will deny the motion to dismiss Count I of the first amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant SAP America, Inc.'s motion to dismiss (ECF# 8) is denied as moot.

**IT IS FURTHER ORDERED** that defendant SAP America, Inc.'s motion to dismiss count I of the first amended complaint (ECF #18) is **DENIED**.

Dated this 3rd day of April, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE